UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Anthony Farmer

      v.                                   Civil No. 22-cv-203-LM
                                          Opinion No. 2023 DNH 104 P

United States of America

**O R D E R**

Anthony Farmer is serving a 198-month sentence stemming from his involvement in the robbery of a federal confidential informant during a guns-for-cash transaction and conviction for, among other offenses, aiding and abetting the use of a firearm in relation to a "crime of violence," 18 U.S.C. § 924(c)(1)(A).  He petitions this court under 28 U.S.C. § 2255 to vacate his § 924(c)(1)(A) conviction and corresponding sentence.  Farmer contends that, following the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021), a predicate "crime of violence" underlying a § 924(c)(1)(A) conviction must require a mens rea of knowingly or purposefully.  Farmer argues that none of his convictions qualifies as a crime of violence because each could be committed with a reckless act, so, his conviction and sentence under § 924(c)(1)(A) cannot stand.

As explained below, at least one of the offenses supplying the predicate crime of violence for Farmer's § 924(c)(1)(A) conviction requires knowing or purposeful conduct.  Accordingly, Farmer's § 2255 petition is denied.

## STANDARD OF REVIEW

Under § 2255, a federal prisoner may seek to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  "The burden of proof is on the petitioner." Olson v. United States, No. 18-cv-478-LM, 2018 WL 4964104, at *1 (D.N.H. Oct. 15, 2018).  A § 2255 motion may be denied without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b).

## BACKGROUND

On August 21, 2017, Farmer was involved in a guns-for-cash deal during which he robbed and assaulted the buyer.  Unknown to Farmer at the time, the buyer was a federal confidential informant.  Farmer was indicted, and on August 20, 2018, he pled guilty to six counts, three of which are relevant here: robbery of money of the United States, in violation of 18 U.S.C. § 2114(a) (Count Two); assault on a person assisting an officer of the United States in the performance of official duties, in violation of 18 U.S.C §§ 111(a)(1) and 111(b) (Count Three); and aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) (Count Four). Counts Two and Three served as the predicate crimes of violence for Farmer's conviction under Count Four.

Farmer's presentence investigation report ("PSR") outlined his criminal history and advisory guideline range.  Farmer's conviction under § 924(c)(1)(A) required him to face a mandatory minimum of 84 months' imprisonment, to be

served consecutive to any other sentences.  His guideline range for the five counts not subject to mandatory minimum sentences was 63 to 78 months' imprisonment. This court sentenced Farmer to 120 months on Count Four (924(c) conviction) and 78 months on the five other counts, to be served consecutively, producing a total term of imprisonment of 198 months.

Farmer challenged his plea on direct appeal, and the First Circuit affirmed his conviction and sentence.  United States v. Farmer, 988 F.3d 55 (1st Cir. 2021), cert. denied, 142 S. Ct. 243 (2021).  Farmer subsequently filed the instant motion. Because his motion and "the files and records of [his] case conclusively show that [he] is entitled to no relief," no hearing is necessary to resolve the motion.  See § 2255.

## DISCUSSION

Farmer contends his conviction for aiding and abetting the use of a firearm in relation to a "crime of violence" under 18 U.S.C. § 924(c)(1)(A) should be vacated following the Supreme Court's decision in Borden.  141 S. Ct. at 1833.  After Borden, he argues, Counts Two and Three no longer qualify as predicate crimes of violence under § 924(c)(1)(A) because both crimes require proof of reckless as opposed to knowing or purposeful conduct.

I.    924(c) and Borden

Farmer's conviction under § 924(c)(1)(A) required proof that the crime he aided and abetted met the definition of "crime of violence" under § 924(c)(3)(A).  To meet that definition, the crime Farmer aided and abetted must be a felony and have

as an element "the use, attempted use, or threatened use of physical force against the person or property of another."[1] § 924(c)(3)(A) (also referred to as §924(c)'s "force clause").[2] In <u>Borden</u>, the Supreme Court construed the nearly identical language defining "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).[3] 141 S. Ct. at 1825-26. Focusing on the meaning of "against" as used in the statute, the Court concluded that the statute covers "purposeful and knowing acts, but excludes reckless conduct." Id. at 1826. For that reason, "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under ACCA." Id. at 1833.

Courts have applied the <u>Borden</u> holding to the definition of a crime of violence under § 924(c)(3)(A). See United States v. Kepler, No. 22-5006, 2023 WL 4717663, at *6–7 (10th Cir. July 25, 2023) (Second-degree murder); Janis v. United

---

[1] Under 18 U.S.C. § 2(a), one who aids and abets the commission of a crime is punishable as a principal.

[2] The definition of "crime of violence" in 924(c) also includes a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §924(c)(3)(B). However, this clause (referred to as the "residual clause") is unconstitutionally vague and therefore invalid. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). Accordingly, to qualify as a "crime of violence" under 924(c), Farmer's conviction must meet the definition in the statute's "force clause." 18 U.S.C. §924(c)(3)(A).

[3] The ACCA defines "violent felony" as a "crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The only difference between it and § 924(c) is that § 924(c) includes crimes against persons <u>or</u> <u>property</u>, whereas § 924(e) applies only to crimes against persons. See 18 U.S.C. §§ 924(c)(3)(A) and 924(e)(2)(B).

States, 73 F.4th 628, 629–30 (8th Cir. 2023) (Second-degree murder); United States v. Ivey, 60 F.4th 99, 116 (4th Cir. 2023) (Hobbs Act robbery).  Prior to Borden, the First Circuit had already held that crimes that can be committed recklessly do not qualify as violent felonies under § 924(e) and extended that holding to crimes of violence under § 924(c).  See Tsarnaev, 968 F.3d at 101-02.

II.   Count Three is a Crime of Violence

Count Three charged Farmer with assault on a person assisting an officer of the United States in the performance of official duties, in violation of 18 U.S.C §§ 111(a)(1) and 111(b).  Under 18 U.S.C. § 111(a), anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" current or former federal officers while engaged in their official duties is guilty of a criminal offense. Subsection (a) provides separate crimes and punishments for conduct which constitutes simple assault and conduct which involves "physical contact with the victim of that assault or the intent to commit another felony." § 111(a).  Subsection (b) enhances the punishment if the perpetrator "uses a deadly or dangerous weapon . . . or inflicts bodily injury." § 111(b).

Section 111 does not explicitly include a mens rea.  See 18 U.S.C. § 111(a)(1), (b); see United States v. Chapman, 528 F.3d 1215, 1218 (9th Cir. 2008) (noting that § 111(a) is "inartfully drafted").  In United States v. Taylor, 848 F.3d 476, 494, n. 7 (1st Cir. 2017), the First Circuit stated that "although the case law on this point is sparse in this circuit, the only authorities we have found indicate that [§ 111] and [its] enhancements require an intentional act, not merely a reckless or accidental

one."  See also United States v. Kendall, 876 F.3d 1265, 1269 (10th Cir. 2017)
(holding that—under almost identical career offender language—"every violation of
§111(b) is a crime of violence").

Since Borden, every court to decide the question has concluded that § 111(b)
cannot be committed recklessly and instead requires an intentional mens rea.  See
United States v. Medearis, 65 F.4th 981, 987 (8th Cir. 2023); United States v.
Newman, No. 20-20014-JAR, 2023 WL 3159615, at *6-7 (D. Kan. Apr. 28, 2023)
(citing Kendall, 876 F.3d at 1269); Paige v. United States, No. 3:16-CV-00304-MOC,
2023 WL 2655726, at *5 (W.D.N.C. Mar. 27, 2023) ("Here, the Court need not
reinvent the wheel.  Multiple courts in this district have held, and the Fourth
Circuit more recently has strongly suggested, that assault on a federal officer with a
dangerous weapon in violation of 18 U.S.C. §111(a)(1) and (b) qualifies as a crime of
violence under 924(c)'s force clause.") (internal quotation marks omitted); United
States v. Clark, No. CR 08-80, 2022 WL 114079, at *4 (W.D. Pa. Jan. 12, 2022),
certificate of appealability denied, No. 22-1215, 2022 WL 3139009 (3d Cir. May 17,
2022); United States v. Butler, No. 21-20027-JAR, 2022 WL 16714129, at *4-5 (D.
Kan. Nov. 4, 2022).  This court finds the reasoning and analysis in these cases
persuasive and concludes that § 111(b) requires a mens rea of intentional,
purposeful, and knowing acts, and not recklessness.

Because § 111(b) requires more than recklessness, it remains a crime of
violence in every respect after Borden.  See Taylor, 848 F.3d at 491-95 (concluding
pre-Borden that § 111(b) is a crime of violence).  Accordingly, because at least one of

6

Farmer's predicate convictions is a crime of violence, his petition lacks merit and must be denied.

## CONCLUSION

Farmer's motion for relief under 28 U.S.C. § 2255 is denied.  Because Farmer has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); Rule 11, Federal Rules Governing § 2255 Cases.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 15, 2023

cc:      Counsel of Record